LAWRENCE (VOCE v.). See Case No. 16,-979.

LAWRENCE (WALLACE v.). See Case No. 17,101.

## Case No. 8,147.

### LAWRENCE v. WHITE et al.

[5 McLean, 108.] [1]

Circuit Court, D. Indiana. May Term. 1850.

CONTRACTS — DELIVERY AT PLACE OF CONTRACT— INJURY AFTERWARDS.

1. A contract to deliver pork at Madison, in the state of Indiana, well put up, for the English market, when received at Baltimore was spoiled; the court permitted evidence to show the condition of the article at New Orleans and at Baltimore, from which the jury might judge, whether it could have been well put up at Madison.

2. The jury were instructed that if the pork was put up according to contract at Madison, the defendants were not responsible.

[This was an action at law by Josiah Lawrence against White and Stevens.]

Mr. Sullivan, for plaintiff.
Mr. Marshal, for defendants.

OPINION OF THE COURT. This action is brought on a contract to deliver three hundred and thirty-nine boxes of long middles, intended for the English market. There are two kinds of middles. One is called the Cumberland cut, in which a part of the bone is left in. This was the kind contracted for. From six to seven or eight long middles were contained in a box. They were to be shipped to Baltimore by the way of New Orleans. The contract was at first made for five hundred long middles, which was afterwards changed to the above number. Mr. Payne, the agent

[1] [Reported by Hon. John McLean, Circuit Justice.]

of the plaintiff, superintended the packing. The defendants agreed to put up the pork in prime order. The pork was inspected by experienced inspectors before it was put in the boxes. It was shipped by the way of New Orleans, and when received at Baltimore, it was in a very bad condition. The witnesses say it was worth but little, and was sold to soap boilers. And this action is brought to recover damages, on the ground that the pork was not delivered in prime order, as the contract stipulated.

THE COURT permitted evidence to show the condition of the pork when at New Orleans, and also at Baltimore, from which the jury might infer, whether it could have been put up at Madison in good order.

THE COURT instructed the jury that as the article was inspected and delivered to the agent of the plaintiff, at Madison, and as there was no warranty of the article, or, that it should pass inspection at Baltimore, there can be no recovery of damages unless there was a failure to put up the pork in good order by the defendants. An action of deceit is the proper remedy where there has been fraud. If representations were made of the quality of the pork, at the time of the delivery which were untrue, or if there was any deception in the packing of it, and the condition of the pork at Baltimore resulted from the manner in which it was packed at Madison, the defendants may be held responsible. And in that event, the difference between the article contracted for and that which was delivered, will constitute the damages to which the plaintiff is entitled.

On the other hand, if the injury resulted from the shipment of the pork to Baltimore, by the way of New Orleans, by exposure or otherwise, the defendants are not responsible. They did not guaranty the shipment of the pork to Baltimore. Their contract began and ended at Madison, and if the pork was put up by the defendants in good order, at Madison, they are not responsible for any loss or subsequent injury it received on the voyage, or after its delivery at Baltimore.

The jury found for the defendants.